J-S02040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY JAN MOSER JR. | : | |
| | : | |
| Appellant | : | No. 113 EDA 2025 |

Appeal from the PCRA Order Entered November 25, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001027-2022

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　　　**FILED APRIL 2, 2026**

Appellant, Larry Jan Moser Jr., appeals from the November 25, 2024 order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant's counsel, Edwin León, Esq., has filed a **_Turner_**/**_Finley_**[1] "no merit" brief and a petition to withdraw.  Our independent review establishes that the only potentially viable claims pertain to initial PCRA counsel's ineffectiveness, which Attorney León failed to preserve following his appointment.  We are therefore constrained to grant his petition to withdraw and affirm the order denying PCRA relief.

Our analysis requires a somewhat detailed discussion of the procedural history of this case.  On November 9, 2021, Pennsylvania State Police Trooper

---

[1]　**_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

Kevin Shields filed a criminal complaint charging Appellant with three counts of driving under the influence and one summary traffic offense. Appellant appeared for a preliminary hearing on April 19, 2022. Trooper Shields represented the Commonwealth[2] and began his testimony, whereupon Appellant's counsel, Theodore Skaarup, Esq., interjected to state that the trooper was "reading from a report I have not seen." N.T. Preliminary Hearing, 4/19/22, at 3. The magistrate district judge did not make a ruling and Trooper Shields continued to testify to his observations. All charges were held for trial.

On April 27, 2023, Appellant accepted a negotiated plea, agreeing to plead guilty to one count of driving under the influence of controlled substances. In exchange, the Commonwealth agreed to withdraw the remaining charges. Before formally accepting the plea, Attorney Skaarup addressed the fact that Appellant's written colloquy indicated that he was dissatisfied with counsel's representation. Specifically, for the question "Have you asked your attorney to do anything for you in connection with the charges or your defense that he or she has not done?" Appellant wrote, "Yes." Guilty Plea Colloquy, 4/27/23, at 7. Counsel explained that he and Appellant had "conflicting beliefs regarding the merit of a suppression motion," which counsel "chose[] not to file." N.T. Guilty Plea, 4/27/23, at 10. Attorney Skaarup stated that Appellant wished to proceed with the plea despite his

_____

[2] **See** Pa.R.Crim.P. 542(B) (establishing preliminary hearing procedure where an attorney for the Commonwealth is not present).

misgivings and Appellant confirmed that was the case. ***Id.*** The trial court accepted the plea and deferred sentencing.

Appellant was sentenced on May 17, 2023, to a period of one to five years of incarceration, imposed concurrently to a sentence Appellant was then serving. Appellant did not file post-sentence motions nor an appeal. On May 16, 2024, Appellant filed a *pro se* PCRA petition, alleging that his "arrest was illegal [because] the criminal complaint was not based upon an affidavit of probable cause[.]" PCRA Petition, 5/16/24, at 2. Appellant argued that Trooper Shield's testimony was "outside the four corners" of the non-existent affidavit and his arrest was therefore illegal. He claimed that trial counsel was ineffective for not raising that argument. Relatedly, Appellant argued that, due to the lack of an affidavit of probable cause, the "guilty plea [was] without a factual basis" and counsel's ineffectiveness "cause[d] a plea of guilty." ***Id.*** at 4. Four days later, Appellant filed a supplemental petition expanding on these averments, and added claims related to counsel's failure to seek suppression of the traffic stop and blood results, as well as an assertion that Attorney Skaarup "was … ineffective due to Rule 600 violations telling [Appellant] … Rule 600 wasn't violated[.]" Supplemental Petition, 5/20/24, at 3.

The PCRA court appointed Jennifer Toth, Esq., who filed a ***Turner/Finley*** "no merit" letter. Attorney Toth first addressed Appellant's complaint regarding the affidavit of probable cause and Trooper Shield's testimony, noting that Appellant's "purported legal authority is misplaced."

No Merit Letter, 7/2/24 at 3. Appellant "cite[d] authority relating to applications for search warrants and arrest warrants, which require an analysis … to determine whether there is sufficient information provided to support a finding that probable cause exists to issue the warrant." *Id.* at 3-4. Attorney Toth observed that Appellant's argument was therefore misdirected since this case did not involve a warrant, and relatedly concluded that any derivative claim of ineffective assistance of counsel based on failures to raise these theories were meritless. *See id.* at 4-5. The "no merit" letter did not address Appellant's additional arguments regarding suppression or his Rule 600 claim.

The PCRA court denied the petition to withdraw following its independent review, concluding that the claim "counsel failed to seek the suppression of evidence obtained during a traffic stop that [Appellant] argues was made without probable cause" warranted a hearing because "[s]uch a failure, where it induces a plea, can be the basis for collateral relief." Order, 7/8/24 (single page). We now summarize the testimony presented at the evidentiary hearing.

Appellant testified that he asked Attorney Skaarup why the criminal complaint did not include an affidavit of probable cause, which he believed was relevant to a motion to suppress the blood draw. "[`]Where's the probable cause for the blood draw?['] I said, because you're accusing me of DUI but you're not stating … probable cause here, why you even had a right to withdraw my blood." N.T. PCRA Hearing, 10/24/24, at 7. Appellant stated that he "was under the influence [sic] that the [c]ourt was bound by the four

- 4 -

corners – the four corner rule of the [a]ffidavit, where if they believe there was probable cause for a blood draw, they would have to review the four corners … which there isn't one." *Id.* at 10. ***See also id.*** at 13 (arguing that counsel should have moved to suppress; "[T]he blood test would be suppressed because the [c]ourt has nothing to review for probable cause."). Appellant also discussed his desire to seek dismissal under Rule 600, opining that he "was available the whole time"[3] and the Commonwealth failed to act with due diligence. *Id.* at 21.

Attorney Skaarup addressed Trooper Shield's testimony at the preliminary hearing, agreeing that the trooper "was reading from … documents that were not in [Attorney Skaarup's] possession[.]" *Id.* at 38. Attorney Skaarup "tried to insist that we follow the rules of evidence … and that if he refreshes his recollection that I'm entitled to review anything that's used to do that." *Id.* However, the trooper viewed the issue as relevant to discovery only, and no ruling was made. Counsel explained that he deemed the lack of an affidavit of probable cause irrelevant because the case was initiated via a summons and not an arrest warrant. *Id.* at 37.

Counsel ultimately reviewed the discovery and the video footage. He explained that the footage showed that the trooper "quickly identified what he believed to be track marks in [Appellant's] arms," and Appellant "indicated prior drug use," which counsel "believe[d] would be considered relevant to a

_____

[3] Appellant was incarcerated in another county's jail.

reasonable articular [sic] suspicion to ask [Appellant] to do the field sobrieties." *Id.* at 45. Additionally, following the field sobriety tests the trooper arrested Appellant and "request[ed] [Appellant] submit to a blood draw," and Appellant did so. *Id.* Attorney Skaarup concluded that any motion to suppress would be frivolous, as "even if the [c]ourt made credibility determinations in [Appellant's] favor," there would be no legal basis to suppress the blood draw or challenge the traffic stop. *Id.* at 46.

Finally, Attorney Skaarup explained that he was prepared to file a motion to dismiss on speedy trial grounds, as the criminal complaint was filed on November 9, 2021 and Appellant accepted a plea 534 days later, on April 27, 2023. Rule 600 sets forth the general rule that, subject to certain exceptions and extensions, a case is to be tried within one calendar year. Pa.R.Crim.P. 600. Therefore, the fact Appellant's case was resolved 169 days after the one-year deadline could supply a basis for a Rule 600 motion. Counsel testified that he drafted a Rule 600 motion and determined that, after excluding continuances requested by Appellant and waivers of Rule 600 submitted by Attorney Skaarup, "there were 27 days" beyond the one-year time period that could potentially be held against the Commonwealth. *Id.* at 42.

However, two considerations caused Attorney Skaarup to recommend that Appellant accept the Commonwealth's plea offer instead of pursuing dismissal. First, Attorney Skaarup opined that the Commonwealth would likely

prevail if Appellant chose to file a Rule 600 motion.[4]  Second, "the Commonwealth had represented that they would withdraw[] what I considered to be a very reasonable and generous plea offer, and that's what he was referring to when I told him he would spend more time in jail." *Id.* at 43.  The PCRA court interjected at that point.

> THE COURT: Let me just make sure I understand that.  Is your statement that if he pursued the Rule 600 waiver [sic], they were going to withdraw the offer that your client perhaps might want to take advantage of because you thought it was in his best interest?
>
> [Attorney Skaarup]: Correct.
>
> THE COURT:  Okay.  I understand.  Can you state what that offer was?
>
> [Attorney Skaarup]:  I apologize.  I believe it was for the statutory minimum, which was one year on a third offense controlled substance DUI, and I believe there was – I don't recall if the offer included an agreement.
>
> But the [c]ourt prior to accepting it had indicated that it would be willing to sentence him concurrent to a sentence that he was serving in Berks County, which had struck the [c]ourt as surprisingly harsh for the prior DUI.

*Id.*

The PCRA court ordered the parties to file post-hearing briefs.  Attorney Toth instead renewed her request to withdraw.  With respect to the Rule 600 issue, she concluded that any ineffectiveness claim would fail because "it was [Attorney Skaarup's] belief there was excludable time that would result in a

---

[4] As discussed in the body of this memorandum, Attorney Skaarup's legal conclusion was based on the assumption that the Commonwealth would have acted diligently.

denial of the [m]otion." Brief, 11/6/24, at 4. Furthermore, despite the fact that Appellant wanted to raise an ineffectiveness claim, Attorney Toth cited the Rule 600 discussion at the guilty plea and concluded that Appellant "made a voluntary and knowing choice to enter into the plea agreement, which resulted in a waiver of his right to pursue both suppression and speedy trial motions." *Id.* at 5.

The PCRA court denied the petition on November 25, 2024, but did not rule on Attorney Toth's petition to withdraw. On December 23, 2024, Appellant filed a *pro se* notice of appeal; the PCRA court directed Attorney Toth to file a concise statement. On January 10, the Clerk of Courts docketed a *pro se* Rule 1925 statement raising, among other points, that "PCRA counsel was ineffective in her review of the merits of Appellant's PCRA." *See* Statement, 1/10/25, at ¶ 8. The Clerk of Courts docketed a *pro se* "supplemental" Rule 1925 statement on January 13, raising two additional points not raised in his first *pro se* filing.

Attorney Toth once again filed a request to withdraw, noting that Appellant now intended to raise PCRA counsel ineffectiveness claims. Meanwhile, on January 16, 2025, this Court docketed Appellant's *pro se* motion to terminate Attorney Toth's representation. We directed the PCRA court to hold a *Grazier*[5] hearing to determine whether Appellant wished to proceed *pro se*. On remand, the PCRA court granted Attorney Toth's petition

_____

[5] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

to withdraw and appointed new counsel. Attorney León entered his appearance and filed a Rule 1925(b) statement, raising three issues:

1. Counsel Theodore Skaarup exhibited inefficacy by failing to contest the Commonwealth's existing Rule 600 violation against [Appellant] upon filing a Rule 600 Waiver Application on February 1, 2023. The criminal complaint against [Appellant] was lodged on November 9, 2021. Additionally, [Appellant]'s incarceration mandated that the trial be conducted within 180 days.

2. Upon reviewing the Rule 600 Waiver Application on February 1, 2023, the [c]ourt erred and/or abused its discretion by not *sua sponte* dismissing the case against [Appellant]. [Appellant] was incarcerated within the Commonwealth throughout the proceedings and was prepared, willing, and able to stand trial. At the time [Appellant] entered into the Rule 600 waiver, the statute [sic] had already been violated and should have been dismissed with prejudice.

3. The [c]ourt committed an error or abused its discretion by asserting jurisdiction without the Commonwealth submitting an affidavit of probable cause to the criminal complaint against [Appellant]. Specifically, the [c]ourt exercised jurisdiction over a case that was improperly before it. According to Rules, the Commonwealth is required to file a criminal complaint and an affidavit of probable cause when prosecuting an accused individual. In this instance, the Commonwealth did not submit an affidavit of probable cause, and consequently, the [c]ourt did not acquire jurisdiction over this matter.

Concise Statement, 5/2/25.

The PCRA court issued a Rule 1925(a) opinion, referring to its November 25, 2024 order and opinion for the first and third issues. As to the second claim, the PCRA court concluded that the assertion "ignores the fact that no record was made regarding the computation of time in this case." PCRA Court Opinion (PCO), 5/6/25, at 2. Additionally, the PCRA court observed that it

could not *sua sponte* dismiss the case as "the [c]ourt cannot act as an advocate for [Appellant]." ***Id.***

As previously stated, Attorney León now seeks to withdraw. Before we address whether the PCRA court correctly denied Appellant's petition, we must first review Attorney León's request to withdraw under ***Turner/Finley***. "The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012). If counsel intends to withdraw following that review, counsel must "file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless." ***Id.*** Where counsel intends to withdraw from representation before this Court, the letter "shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel." ***Commonwealth v. Muzzy***, 141 A.3d 509, 512 (Pa. Super. 2016).

Attorney León included a copy of the letter sent to Appellant, which informed him of his right to proceed *pro se* or retain private counsel. Additionally, the letter confirmed that Attorney León sent Appellant a copy of the "no-merit" brief. Turning to the contents of the "no-merit" brief, Attorney León identified nine potential issues, all of which are drawn from the *pro se*

Rule 1925 statements. Attorney León has thus complied with our withdrawal requirements and we now conduct our independent review.

Our review begins with a discussion of which issues have been preserved for our review. The **Turner**/**Finley** brief asserts that it is raising nine issues, all of which are drawn from Appellant's *pro se* Rule 1925(b) statements, and maintains that Appellant could now assert that Attorney Toth was ineffective. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

We conclude that all issues discussed in Attorney León's brief are waived. Attorney León's brief omits any reference to his own Rule 1925(b) filing. Similarly, in the appendix to his brief, Attorney León cites the January 10, 2025 and January 13, 2025 *pro se* statements but not the counseled Rule 1925(b) statement. These documents are nullities.

The *pro se* Rule 1925 statements are treated differently than Appellant's *pro se* notice of appeal. "Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief." **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Thus, notices of appeal must be transmitted to this Court, even if the litigant is represented. **See Commonwealth v. Vinson**, 249 A.3d 1197, 1205 (Pa. 2021) ("[E]ven when an appellant is represented by counsel, an appellant's

*pro se* notice of appeal must be docketed in the trial court and forwarded to this Court ....  This Court, in turn, is required to docket the *pro se* notice of appeal and act upon it accordingly.").  This does not extend to Rule 1925(b) statements.  ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) ("[Ali] was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity.").

Therefore, the *pro se* Rule 1925(b) statements are nullities, and we cannot review Appellant's *pro se* claims.  Nor may Appellant raise Attorney Toth's ineffectiveness for the first time on appeal.  The ***Bradley*** case holds that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness **at the first opportunity to do so**, even if on appeal." ***Bradley***, 261 A.3d at 401 (emphasis added).  The "first opportunity" was the Rule 1925(b) concise statement.[6]  ***See Commonwealth v. Davey***, 345 A.3d 1218, 1224 (Pa. Super. 2025) (holding that PCRA counsel ineffectiveness claim could not be raised on appeal where "it was possible for [Davey] to timely raise a claim of PCRA counsel's ineffectiveness in the PCRA court by

---

[6] Appellant has not filed a response to the ***Turner/Finley*** brief.  We decline to address whether that was his "first opportunity" to challenge Attorney León's ineffectiveness.  ***Cf. Bradley***, 261 A.3d at 408 (Dougherty, J., concurring) (suggesting that, in some cases, "the first opportunity to challenge the representation of PCRA appeal counsel will not be in a petition for allowance of appeal filed with this Court, but rather in a reargument petition filed in the Superior Court"); ***id.*** (Wecht, J., concurring) ("In some cases, PCRA appellate counsel's ineffectiveness might not become apparent until the conclusion of merits review in that court.").

asserting the claim in his amended PCRA petition").  Accordingly, we agree with Attorney León's assessment that the issues cannot garner relief, albeit on a different basis.

To ensure the completeness of our review, we accept without deciding that we may now review the claims not raised in the *Turner*/*Finley* brief, i.e., the three claims preserved in the Rule 1925(b) statement, in conjunction with our independent review.[7]  For ease of readability, we reproduce those claims.

_____

[7] We would typically confine our review to the issues presented in the brief. ***See Commonwealth v. Reed***, 107 A.3d 137, 141 (Pa. Super. 2014) ("Accordingly, we will proceed with our independent review of the questions presented to determine if counsel correctly concluded that the issues raised had no merit.").  We conclude that the several irregularities presented in this case warrant an examination of the issues raised in the Rule 1925(b) statement.

While we commend the PCRA court for holding an evidentiary hearing, the PCRA court failed to order Attorney Toth to file an amended petition limited to any particular claim.  Neither the parties nor the PCRA court clarified the scope of the PCRA hearing, which we add was effectively uncounseled.  By failing to amend the petition, Attorney Toth did not assist Appellant in the presentation of the claims the PCRA court intended to address, whatever those may have been, as she largely acted as a conduit for Appellant to air his various complaints.  "So, Your Honor, I will go through with [Appellant] his bases for filing his application for post-conviction relief before the [c]ourt."  N.T. PCRA Hearing, 10/24/24, at 3.  Next, Attorney Toth indicated that all claims were before the court.  "Good morning, [Appellant].  We're here today to address the allegations raised in your two petitions for post-conviction relief."  ***Id.*** at 4.

Finally, the PCRA court's November 25, 2024 order addressed "the four issues raised" in the *pro se* PCRA petitions.  Order, 7/25/24, at 7.  Again, this was improper, as no amended petition had been filed, and the PCRA court's order did not indicate that a hearing was to take place on the *pro se* claims.  Had
*(Footnote Continued Next Page)*

[1]. The [c]ourt committed an error or abused its discretion by asserting jurisdiction without the Commonwealth submitting an affidavit of probable cause to the criminal complaint against [Appellant]. Specifically, the [c]ourt exercised jurisdiction over a case that was improperly before it. According to Rules, the Commonwealth is required to file a criminal complaint and an affidavit of probable cause when prosecuting an accused individual. In this instance, the Commonwealth did not submit an affidavit of probable cause, and consequently, the [c]ourt did not acquire jurisdiction over this matter.

[2]. Counsel Theodore Skaarup exhibited inefficacy by failing to contest the Commonwealth's existing Rule 600 violation against [Appellant] upon filing a Rule 600 Waiver Application on February 1, 2023. The criminal complaint against [Appellant] was lodged on November 9, 2021. Additionally, [Appellant]'s incarceration mandated that the trial be conducted within 180 days.

[3]. Upon reviewing the Rule 600 Waiver Application on February 1, 2023, the [c]ourt erred and/or abused its discretion by not *sua sponte* dismissing the case against [Appellant]. [Appellant] was incarcerated within the Commonwealth throughout the proceedings and was prepared, willing, and able to stand trial. At the time [Appellant] entered into the Rule 600 waiver, the statute had already been violated and should have been dismissed with prejudice.

Concise Statement, 5/2/25 (reordered for ease of disposition).

The reordered first issue does not warrant relief. Appellant repeatedly complained throughout these proceedings that the complaint filed by Trooper Shields did not contain an affidavit of probable cause. As best this Court can discern, it appears that Appellant's complaint is that the absence of an affidavit of probable cause precluded the magisterial district judge from determining whether the charges could be held for trial in the court of common pleas. This

_____

the PCRA court not appointed Attorney Leon to represent Appellant on appeal, we would find that Appellant had been effectively deprived of his right to counsel.

- 14 -

is presumably why Appellant repeatedly discussed the "four corners" rule; he believes that the affidavit of probable cause constituted all relevant facts the magistrate judge could consider at the preliminary hearing. As Attorney Toth correctly recognized, Appellant's arguments are addressed to a different scenario. The "four corners" rule would apply if the magistrate judge had issued an arrest warrant for Appellant. *See Commonwealth v. Taylor*, 850 A.2d 684, 687 (Pa. Super. 2004) ("We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.") (citation omitted). Trooper Shields arrested Appellant on scene. In such a case, no warrant is required and thus this principle does not apply.

In fact, a case cited by Appellant in his initial *pro se* PCRA petition demonstrates this distinction. Appellant cited *Commonwealth v. Flowers*, 369 A.2d 362, 365 (Pa. Super. 1976), which involved an "arrest ... on a warrant issued by a justice of the peace in response to a complaint signed and sworn to before the justice by a ... trooper." *Id.* at 364. The Court stated that the complaint itself "contained nothing except an accusation that at such and such times and places appellant had committed two thefts; no facts were recited by which the justice of the peace could appraise the accuracy of these accusations." *Id.* This information "was not sufficient to support an independent judgment of probable cause." *Id.* As *Flowers* stated, "it is necessary first to note that the arrest had to be effected by warrant. This is so because the offenses charged were both misdemeanors not committed in

- 15 -

the presence of the arresting officer and not within any statute specifically authorizing arrest without warrant." *Id.* at 365. This distinguishes *Flowers* from the case at bar.

Finally, our Supreme Court has held that "any issue concerning a defect in the affidavit of probable cause becomes moot upon the district [magistrate judge]'s finding at the preliminary hearing that a *prima facie* case has been established." *Commonwealth v. Chamberlain*, 30 A.3d 381, 423 (Pa. 2011) (citation omitted). Therefore, even if there were some merit to Appellant's claim that the affiant had to provide an affidavit of probable cause with the criminal complaint, Appellant would still not be entitled to relief. *See Commonwealth v. Evans*, 303 A.3d 175, 183 (Pa. Super. 2023) (addressing claim that "the criminal complaint did not contain an affidavit of probable cause [and] his arrest must be deemed illegal" and concluding under *Chamberlain* any error in that regard was not prejudicial).

The reordered second claim in the Rule 1925 statement challenges trial counsel's ineffectiveness. We conclude that there is no merit to this claim because Appellant failed to develop a record.

Appellant claims that Attorney Skaarup ineffectively "fail[ed] to contest the Commonwealth's existing Rule 600 violation[.]" Concise Statement, 5/2/25. Counsel is presumed effective, and the burden is on Appellant to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). To overcome this presumption, Appellant must plead and prove the following: "(1) the underlying legal claim is of arguable merit; (2) counsel's

action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Attorney Toth's post-hearing brief following the evidentiary hearing concluded that the claim lacked merit because Appellant opted to plead guilty and he "has failed to prove ... that there was no reasonable basis for [Attorney Skaarup's] failure to file for suppression and dismissal[.]" Brief, 11/6/24, at 5. In context, it appears that Attorney Toth concluded that Attorney Skaarup had a reasonable strategic basis to recommend Appellant accept the plea in lieu of raising a Rule 600 motion because the Rule 600 motion would likely fail. The flaw in this analysis is that Attorney Skaarup's testimony indicated that this conclusion was not based on any kind of investigation or analysis. In his PCRA hearing testimony, Attorney Skaarup stated:

> So I can say that my calculations at the time said that as of the filing of the first continuance and Rule 600 waiver there – there were 27 days past the mechanical run date, and that I had gone through the docket and looked at various things and I believed that there were more than 27 days of excludable time. That is on the Commonwealth to prove. My experience with Deputy District Attorney Lupackino is that he is a competent and diligent attorney and likely would have been able to [prove this time was excludable], and I probably expressed that to [Appellant].

N.T. PCRA Hearing, 10/24/24, at 42.

We conclude that this was not a sufficient reasonable strategic basis to decline to file a Rule 600 motion. While we recognize the Commonwealth

- 17 -

would have withdrawn a plea agreement Attorney Skaarup deemed favorable,

a meritorious Rule 600 motion would have resulted in dismissal. The United

States Supreme Court has explained that

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

***Strickland v. Washington***, 466 U.S. 668, 690–91 (1984).

Attorney Skaarup's opinion that the assigned assistant district attorney

"is a competent and diligent attorney" and therefore would have acted with

due diligence does not establish a reasonable basis to decline further

investigation of whether those 27 days were truly excludable from the Rule

600 calculation.

Nevertheless, the record is devoid of any further detail and we cannot

decide whether Appellant was prejudiced. This point was aptly explained in

the PCRA court's opinion responding to the reordered third issue.

> [Appellant] contends that this [c]ourt "erred and/or abused its discretion by not *sua sponte* dismissing the case against [Appellant]" on the basis of an alleged Rule 600 violation. In asserting this assignment of error, [Appellant] ignores the fact that **no record was made regarding the computation of time in this case**. In any case in which the issue is raised, the determination of whether Rule 600 has been violated by a lack of due diligence on the part of the Commonwealth is highly fact-specific, requiring a detailed analysis of whether certain periods of time are excludable as a result of certain delays that may have been occasioned by the [d]efendant or the [c]ourt itself. It would

have been highly improper for this [c]ourt to dismiss the charges against [Appellant] on an empty record, and, moreover, the [c]ourt cannot act as an advocate for [Appellant].

PCO at 2 (emphasis added).

We agree. As the record now stands, we cannot determine whether Appellant was prejudiced and thus Appellant failed to satisfy his burden of proving that counsel was ineffective.

We recognize that Attorney Toth as initial PCRA counsel could have developed the necessary record instead of simply deferring to Attorney Skaarup's opinion.[8] In turn, if Attorney León concluded that this claim merited relief or warranted further development, he could have presented a layered ineffectiveness claim in the Rule 1925(b) statement. Because that claim is not preserved and may not be raised for the first time on appeal, we must grant the petition and affirm the order denying relief.[9]

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judge Murray joins this memorandum.

Judge Nichols concurs in the result.

_____

[8] We do not, of course, say a Rule 600 motion would have succeeded. It may be that Attorney Skaarup's belief was justified, in which case Appellant could not demonstrate prejudice by a failure to file the motion. Ultimately, the failure to develop the record is attributable to both of Appellant's attorneys.

[9] We readily dispose of the reordered third claim, which argued that the trial court erred by not *sua sponte* dismissing the case based on the purported Rule 600 violation. Appellant fails to explain how a trial court may, consistent with its role as neutral arbiter, take it upon itself to decide an issue not raised by Appellant. In any event, even if the PCRA court could somehow do this, the fact remains that the record does not support a finding that Rule 600 was violated.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/2/2026</u>